*W. P. Ross, for appellant.*

---

### COMMONWEALTH v. J. B. HUNTER.

[Abstract Kentucky Law Reporter, Vol. 2—214.]

**Criminal Law—Indictment for a Wager.**

An indictment for making a bet is sufficient where it charges, in

substance, that pending the election for president of the United States in the year 1880 the accused bought a horse, agreeing to pay $300 for it in the event of James A. Garfield's election to the presidency of the United States at said election, Garfield being one of the candidates, and if he was not so elected then the accused was to pay nothing for the horse.

### APPEAL FROM GARRARD CIRCUIT COURT.

#### February 3, 1881.

OPINION BY JUDGE HARGIS:

The indictment alleges, in substance, that, pending the election for president of the United States in the year 1880, the accused bought a horse of John K. Faulkner, agreeing to pay $300 for the horse in the event of James A. Garfield's election to the presidency of the United States at said election, Garfield being one of the candidates, and if he was not so elected then the accused was to pay Faulkner nothing for the horse.

This was a bet according to the ruling of this court in the case of *Commonwealth v. Shouse,* 16 B. Mon. (Ky.) 325, where it is said "that a sale of property, to be paid for at its fair value—or at more than its fair value—in a certain event of a pending election, and not to be paid for at all, or to be paid for at more or less than its real value, as understood between the parties, in a different event of the same election, is in substance a bet upon the result of the election."

It is argued by counsel for the appellee, whose demurrer was sustained to the indictment, upon this appeal by the commonwealth from the judgment of the court in sustaining the demurrer and dismissing the indictment, that it was necessary to aver that Garfield was a candidate and voted for in the year 1880, and that it could not be truthfully alleged that he was voted for or proposed for the presidency in the year 1880, as there was no election for that office and could not be an election therefor in the year 1880, and this court must take *ex officio* notice of that fact and the laws regulating it.

Admitting that it was necessary to allege that Garfield was a candidate, or proposed or voted for, for president in the year 1880, then the indictment is good, because it avers that he was a candidate for president in 1880, and it is true that, according to law,

the election for president must have taken place in the month of December in the year 1880.

The electors for president are required to be appointed on the Tuesday next after the first Monday in November every fourth year succeeding every election for president. U. S. Rev. Stat. (1878) Tit. 3, Ch. 1, § 131. Section 135 of the same chapter and title requires that the electors for each state shall meet and give their votes the first Wednesday in December in the year in which they are appointed. The election, therefore, takes place at the time specified in the last section mentioned. By § 142 all congress has to do with the election thereafter is to truthfully and correctly count the vote and ascertain and declare the person to fill the office of president, agreeable to the Constitution.

If the proceedings of the electoral commission show that a president was elected or appointed in 1877, instead of 1876, it can not affect the judgment herein, as those proceedings are not authority in any court, and especially to establish the right of congress to elect a president by counting the vote and ascertaining and declaring therefrom the person elected to that office, because the election of that officer must, according to the law and the Constitution, have taken place in the year 1876, and hence the next election followed in 1880.

Wherefore the judgment is *reversed* and cause remanded with directions to overrule the demurrer and for further proceedings consistent with this opinion.

*P. W. Hardin,* for appellant.

*Walton & Kauffman,* for appellee.